Ronald David SCHMIDT and Phillip W. Smith, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Edward F. SCHUBERT, M. D., Supt., Central State Hospital, Waupun, Wisconsin, Defendant.

Civ. A. No. 73–C–517.

United States District Court, E. D. Wisconsin.

Nov. 15, 1976.

Elizabeth Alexander, Corrections Legal Services Program, Madison, Wis., for plaintiffs.

Gary L. Carlson, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Patients of Central State Hospital (CSH) brought this action challenging the constitutionality of the Hospital's visitation policies. The matter is now before the Court on the plaintiffs' motion for summary judgment. The Court has before it the affidavits of Elizabeth Alexander and Dr. Edward F. Schubert, a copy of the visitation regulations effective October 1, 1975, reports of the Department of Health and Social Services, and the defendant's answers to plaintiffs' interrogatories. For the reasons hereinafter stated, the plaintiffs' motion is granted.

For the purposes of this motion the pertinent facts are as follows. The present visitation regulations at CSH permit visits between 8:30 and 11:00 A.M., 12:30 and 4:00 P.M., and 7:00 and 9:00 P.M., or a total of eight visitation hours per day. Each visit is limited in length to two hours Monday through Friday, with certain exceptions not relevant to this motion. The length of each visit may be limited to one hour on Saturdays, Sundays, and holidays. No person may visit an inmate more than twice a week, except for a "special visitor" who may visit three times a week, but is not permitted a weekend visit without the advance permission of the Superintendent.

The defendant contends that the challenged visitation policy is justified by the hospital's need for security and available treatment time. The plaintiffs contend that, although security and treatment may justify a limitation on the total available visiting hours, they do not justify placing a limitation on an individual patient's allocation of the available time to particular visitors.

The defendant's answers to a number of plaintiffs' interrogatories demonstrate that the limitations placed on the patients' allocation of the available visiting hours bears no rational relationship to the security and treatment of the inmates.

Interrogatories III, No. 13 states:

"13. A. Please state whether it is your general objective to encourage patient visitation and/or increase visitation privileges, or to discourage such visitation and/or curtail opportunities for visits with outsiders.

"ANSWER: The general objective of Central State Hospital is to provide approximate medical and psychiatric treatment to maximum-security patients committed to the hospital. In order to meet this general objective, it is necessary to balance several sometime-conflicting subobjectives, including the visitation needs of the patients and the security needs of the hospital. Thus, it would be an objective to encourage patient visitation and to experiment with liberalized visitation privileges so long as it does not interfere with other treatment that is being provided the patient or patients or with the requisite security needs of the hospital"

Such experimentation with visitation privileges was undertaken with the implementation of the visiting hours effective October 1, 1975.

Having liberalized the visitation privileges, the defendant indicated that such liberalization did not cause any problems at CSH or create any difficulties or additional burdens.

Interrogatories IV, No. 4 states:

"4. Describe in detail any problems, difficulties, or burdens associated with the liberalization of patient visiting rules occurring on or about October 1, 1975.

"ANSWER: None known."

Thus, the defendant has stated that the visitation needs of the patients must be balanced against the security needs of the hospital, that visitation privileges may be liberalized as long as they do not interfere with treatment and security, and that the liberalization effective October 1, 1975, has not created any problems, difficulties or burdens that he is aware of.

With respect to the effect of the visitation policy on treatment, the defendant's answers to plaintiffs' interrogatories are equally illuminating.

Interrogatories III, Nos. 2 and 3 state:

"2. How are visiting privileges related to an adequate therapy program?

"ANSWER: There is no direct correlation between visiting privileges and an adequate therapy program. Visiting may or may not be, as the situation indicates, an adjunct to the institutional adjustment and possibly, in individual cases, to a therapy program. There is no correlation, however, in most situations.

"3. Are the visiting privileges at CSH adequate for therapeutic purposes?

"ANSWER: Yes."

The defendant's answers indicate that treatment is not a justification for the limitation on the allocation of available visiting hours for "there is no direct correlation between visiting privileges and an adequate program" and there is nothing in the affidavits submitted in opposition to the motion to indicate otherwise.

THEREFORE, IT IS ORDERED that the plaintiffs' motion for summary judgment be and it hereby is granted.

IT IS FURTHER ORDERED that the defendant submit a visitation plan that does not place limitations on the right of the patients at Central State Hospital to allocate their available visiting hours among particular persons as they so desire.